UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE PATRICK FLARITY,

    Plaintiff,

v.

DAVID H. PRATHER, *et al.*,

    Defendants.

CASE NO. 3:20-cv-06083-RJB-JRC

ORDER ON MOTION TO RECUSE

This matter is before the undersigned on referral from the District Court and on plaintiff's motion for the undersigned to recuse himself from the case. Dkt. 37. For the reasons set forth below, the undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a

party." 28 U.S.C. § 455(b)(1).  Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

1 | *Id.* at 555.

2 | Plaintiff asserts that the undersigned is biased against *pro se* plaintiffs.  Dkt. 37, at 2.  The
3 | basis for plaintiff's conclusion that the Court is biased appears to be that the Court has denied
4 | several motions filed by plaintiff, who is *pro se*.

5 | The undersigned has denied plaintiff's motions because they lack merit.  *See* Dkt. 36.
6 | The undersigned has no personal bias toward or reason to be impartial to plaintiff.  A motion for
7 | recusal is not appropriate simply because a judge has ruled unfavorably on a party's motions.

## CONCLUSION

Therefore, because there is no basis for a voluntary recusal in this instance, the undersigned declines to recuse himself from the matter.  However, petitioner's motion shall be referred to the Chief Judge for a determination of its merits.  LCR 3(e).  Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily.  Petitioner's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

A copy of this order shall be sent to plaintiff.

Dated this 14th day of January, 2021.

J. Richard Creatura
United States Magistrate Judge