1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

| | |
|---|---|
| JOE PATRICK FLARITY, a marital community, <br><br>                               Plaintiff, <br><br>       v. <br><br> ARGONAUT INSURANCE COMPANY, DAVID H. PRATHER, HEATHER ORWIG, KIM SHANNON, DANIEL HAMILTON, MARY ROBNETT, PIERCE COUNTY, a municipal corporation, *et al.*, | CASE NO. 3:20-cv-06083-RJB <br><br> ORDER GRANTING DEFENDANT PIERCE COUNTY'S MOTION TO DISMISS |

17

18

19

20

       This matter comes before the Court on Defendant Pierce County's FRCP 12(b) Motion to Dismiss (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion, and the file herein. Defendant's motion should be granted, in part with and in part without prejudice.

21

                  **I.**      **PROCEDURAL HISTORY AND FACTS**

22

**A. PROCEDURAL HISTORY**

23

24

       Plaintiff filed his original complaint on November 3, 2020. Dkt. 1. Defendant Pierce County filed the pending motion to dismiss on December 8, 2020. Dkt. 12. Plaintiff then filed

1    an amended complaint on December 28, 2020.  Dkt. 31.  The amended complaint is substantially

2    similar to the original complaint, but adds Defendants, including attorneys Mary Robnett and

3    Daniel Hamilton who are representing Defendant Pierce County in this action and signed the

4    pending motion to dismiss, and a sixth cause of action.  Plaintiff responded in opposition to the

5    motion to dismiss on January 4, 2020.  Dkt. 34.  Defendant Pierce County replied on January 8,

6    2020.  Dkt. 38.  Pierce County does not contest the addition of the amended complaint.  Dkt. 38.

7    While the Court has reviewed both, the amended complaint (Dkt. 31) is the operative complaint

8    considered in this order.

9    **B.  FACTS**

10           This matter arises out of the assessment and valuation of property owned by Plaintiff, Joe

11   Flarity, in Pierce county, specifically tax parcels 9815000014 and 9815000015.  Dkt. 31.

12   Plaintiff, who is proceeding *pro se*, brings a range of claims, but they all appear to originate with

13   his dissatisfaction with the way in which his property was assessed and the amount at which it

14   was valued.  *See id.*  Plaintiff's complaint is eighteen pages and includes eight exhibits, but the

15   relevant factual allegations, taken in the light most favorable to Plaintiff, are as follows:

16           In May 2017, Defendant Heather Orwig trespassed on his land and examined a barn on

17   his property.  Dkt. 31 at 13.  Based on that examination, his barn was classified as a "50%

18   completed residence," although he alleges that he built the barn to store scrap cedar logs.  *Id.*  As

19   a result of that assessment, "officials have valued [his] property at approximately $450,000,

20   removed the property from farm status and forced enormous penalties and taxes suitable to fully

21   developed property. . . ."  *Id.* at 9–10.  "[F]urther farming [became] impossible, wrecked [his]

22   finances" and forced him "to pay unplanned expenses, penalties and taxes."  *Id.*  As a result of

23   these costs, Plaintiff had "to repurpose for sale land [he and his wife] had improved for livestock

24

1  and wildlife for over twenty-five years." *Id.*  Plaintiff claims that he had a hearing before the

2  Board of Equalization ("BOE") "[o]n or about January 9, 2020." *Id.* at 13.  The hearing appears

3  to have been to contest the valuation of his property, and Plaintiff appears to have lost that claim.

4  *See id.*

5          Plaintiff supports his allegations with numerous exhibits, including what appears to be a

6  notice from the Pierce County Prosecutor's Office, which states that, pursuant to RCW

7  84.40.025, "owners of taxable real and personal property in Pierce County are required to allow

8  the Assessor-Treasurer and his authorized employees access at any reasonable time to their real

9  and personal property for purposes of valuation and assessment of the property tax." Dkt. 31-1

10  at 14.

11          On November 3, 2020, the same day that Plaintiff filed his complaint in this matter, he

12  filed a complaint in King County Superior Court for the State of Washington, No. 20-2-16139-0-

13  SEA ("State Matter").  Dkt. 12.  The State Matter appears to involve the same property, makes

14  similar claims, and includes substantially the same parties.  On December 23, 2020, Plaintiff

15  filed another lawsuit in the U.S. District Court in the Western District of Washington that

16  appears to involve the same property, similar claims, and substantially similar parties, No. 3:20-

17  cv-06247-RJB.  The second federal matter is now pending before the undersigned, but it is not

18  the subject of this motion.  Notably, Pierce County is a Defendant in all three lawsuits.

19  **C. PENDING MOTION**

20          Plaintiff brings six claims against at least seven defendants.  Dkt. 31.  Plaintiff does not

21  specify whether the claims against Pierce County employees are in their official or individual

22  capacities.  *See id.*  For purposes of this motion, the Court construes Plaintiff's claims as being

23

24

1    official capacity suits.  Defendant Pierce County brings the pending motion to dismiss and

2    appears to move on behalf of itself and its employees sued in their official capacity.  *See* Dkt. 12.

3         Plaintiff's first claim is that all Defendants violated his right to equal protection and due

4    process guaranteed by the Fourteenth Amendment ("Count 1").  *Id.* at 3–4.  Second, he claims

5    that, under the *Monell* doctrine, Defendant Pierce County had an unconstitutional policy, pattern,

6    practice, or custom ("Count 2").  *Id.* at 4.  Count 2 does not reference a specific policy or

7    constitutional amendment and does not appear to be a freestanding claim.  It appears to be a

8    means to specify that all claims against Pierce County are intended to be brought under *Monell*,

9    and it will be discussed in conjunction with the other counts against Pierce County.

10        Third, Plaintiff alleges that Pierce County and individual employees of Pierce County

11   violated his "constitutional right" to privacy when Defendant Heather Orwig physically entered

12   his property ("Count 3").  *Id.* at 4–5.  Fourth, he claims that Pierce County and employees of

13   Pierce County took his property and violated his due process rights contrary to the Fifth

14   Amendment ("Count 4").  *Id.* at 6–7.  Fifth, he asserts that Defendant Argonaut violated a duty in

15   tort.  *Id.* at 7–8.  This claim is not relevant to the pending motion because it does not relate to the

16   moving party, Defendant Pierce County.  Finally, in Plaintiff's amended complaint, he adds a

17   sixth, and final, claim: that Pierce County, Kim Shannon, and other individual employees of

18   Pierce County violated the First and Fourteenth Amendments by depriving him of the right to a

19   public hearing ("Count 6").  *Id.* at 8–9.

20        Defendant Pierce County moves to dismiss all claims against it under Fed. R. Civ. P.

21   12(b) for failure to state a claim for which relief can be granted and pursuant to the doctrine

22   announced in *Colorado River Water Conservation. Dist. v. United States*, 424 U.S. 800 (1976).

23   Dkt. 12 at 1.

24

## II. <u>DISCUSSION</u>

Defendant Pierce County's motion to dismiss should be granted on Fed. R. Civ. P. 12(b) grounds. For the reasons discussed below, some claims should be dismissed with prejudice and others without prejudice. The analysis begins by discussing the standard for a motion to dismiss made pursuant to 42 U.S.C. § 1983 by a litigant proceeding *pro se*, and then analyzes the specific claims in this matter. Finally, the Court analyzes the *Colorado River* doctrine as applied here.

### A. STANDARD FOR MOTION TO DISMISS UNDER FRCP 12(b)

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

A claim made against a county under 42 U.S.C. § 1983, as is at issue here, must identify a "policy or custom" that was the "moving force" behind the alleged constitutional violation. *Monell v. Dept. of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Furthermore, a suit against a government employee in the employee's official capacity is essentially "a suit against

1   the entity" because the entity is the real party interest.  *Kentucky v. Graham*, 473 U.S. 159, 166

2   (1985).  Therefore, a plaintiff making a claim against a government employee in the employee's

3   official capacity must show that the entity's policy or custom "played a part in the violation of

4   federal law."  *Id.*

5         A litigant proceeding *pro se* is entitled to reasonable flexibility when his or her claim

6   fails to meet the standard required to survive a motion to dismiss.  The *pro se* party should be

7   given notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

8   action unless it is absolutely clear that no amendment can cure the defect.  *See Lucas v. Dep't of*

9   *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

10         **B.  EQUAL PROTECTION AND DUE PROCESS**

11         In Count 1, Plaintiff alleges that all Defendants violated his rights to equal protection and

12   due process.  Plaintiff states that "employees refused to obey amendments, laws or other

13   established codes of conduct.  The violations of individual employees were taken jointly, in

14   concert, and with shared intent."  Dkt. 31 at 4.  As a threshold matter, both claims fail because

15   Plaintiff does not provide a policy, practice, or custom that caused either alleged violation.

16         Furthermore, an equal protection claim mad by a "class of one" requires a plaintiff to

17   allege three elements: "the defendants (1) intentionally (2) treated plaintiff differently than other

18   similarly situated [people], (3) without rational basis."  *Gerhart v. Lake Cnty., Mont.*, 627 F.3d

19   1013, 1022 (9th Cir. 2011).  Even considered in the light most favorable to the Plaintiff, neither

20   his original, nor his amended complaint provides any facts that indicate he was treated

21   differently than other similar situated property owners.

22         Similarly, Plaintiff's due process claim includes multiple deficiencies.  Plaintiff states in

23   a conclusory manner that Defendants deprived him of "life, liberty or property, without due

24

1   process of law[.]" Dkt. 31. at 3 (quoting U.S. Const. amend. XIV, § 1).  This conclusory

2   statement does not make clear what Plaintiff believes Defendant did to deprive him of his right to

3   due process.  It is not clear whether Plaintiff believes he was denied constitutionally protected

4   procedure, substance, or both.

5        Because Plaintiff is proceeding *pro se*, he should be given an opportunity to resolve the

6   deficiencies in his complaint.  Therefore, Defendant's motion to dismiss Count 1 should be

7   granted, without prejudice as to Defendant Pierce County.  However, to the extent the Plaintiff

8   asserts Count 1 against Pierce County employees acting in their official capacity, those claims be

9   dismissed with prejudice because they appear to be essentially suits against the entity, Pierce

10  County.

11       **C.  *MONELL* CLAIM AGAINST PIERCE COUNTY**

12        As discussed in the procedural history, Count 2 does not appear to be a freestanding

13  claim and is discussed in conjunction with the other counts referenced in Plaintiff's complaint.

14       **D.  RIGHT TO PRIVACY**

15        In Count 3, Plaintiff alleges that Pierce County violated his constitutional "right to

16  privacy" when Defendant Heater Orwig entered his curtilage and searched his property in May

17  2017.  Dkt. 31 at 5 and 13.  Plaintiff provides a policy derived from a letter from the Pierce

18  County Prosecutor's office that states, pursuant to RCW 84.40.025, "owners of taxable real and

19  personal property in Pierce County are required to allow the Assessor-Treasurer and his

20  authorized employees access at any reasonable time to their real and personal property for

21  purposes of valuation and assessment of the property tax."  Dkt. 31-1 at 14. Nonetheless, Count 3

22  should be dismissed.

23

24

1    "In Washington, § 1983 actions are subject to a three-year statute of limitations period."

2    *Boston v. Kitsap County*, 852 F.2d 1182, 1185 (9th Cir. 2017).  Three years after the alleged

3    entry in May 2017 was May 2020, but Plaintiff did not file his original complaint until

4    November 2020.  Plaintiff repeats the allegation that the entry occurred in May 2017 in both his

5    original and amended complaint.  Count 3, therefore, and any claim based on the alleged entry

6    on his land in May 2017, is barred by the statute of limitations and amendment is futile.

7    Defendant Pierce County's motion to dismiss Count 3 should be granted, and Count 3

8    should be dismissed, with prejudice.

9    **E.  FIFTH AMENDMENT TAKINGS AND DUE PROCESS**

10    In Count 4, Plaintiff states that Pierce County and individual employees of Pierce County

11    violated his rights under the Fifth Amendment Takings Clause and Due Process Clause.  Dkt. 31

12    at 6.

13    Plaintiff appears to allege that Defendants violated the Fifth Amendment Taking Clause

14    by taxing him at a rate so high that he had no choice but to sell his land.  Dkt. 31 at 6–7.  There

15    are circumstances in which a regulation, as opposed to physical appropriation, may be

16    considered a "taking" under the Fifth Amendment.  *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S.

17    528, 538 (2005).  Levying of taxes, however, "does not constitute a Fifth Amendment taking

18    unless the taxation is so 'arbitrary as to constrain the conclusion that it was not the exertion of

19    taxation, but a confiscation of property.'"  *Quarty v. U.S.*, 170 F.3d 961, 969 (9th Cir. 1999)

20    (quoting *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 24 (1916)).

21    Plaintiff neither specifies the tax at issue, nor does he provide any facts to suggest that it

22    was arbitrary.  He, therefore, fails to plausibly plead entitlement to relief under the Fifth

23    Amendment Takings Clause.

24

To the extent that Plaintiff alleges a violation of his Fifth Amendment due process rights against Pierce County or its employees in their official capacity, that claim should be dismissed with prejudice because "[t]he Due Process Clause of the Fifth Amendment . . . app[lies] only to actions of the federal government – not to those of state or local governments."  *Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001).  Plaintiff makes a Fourteenth Amendment due process claim, which applies to state actors, in Count 1, discussed above.

Defendant's motion to dismiss Count 4 should be granted.  Plaintiff's claim of a "taking" under the Fifth Amendment should be dismissed, without prejudice as to Defendant Pierce County because it is not clear that amendment would be futile and with prejudice as to Pierce County employees acting in their official capacity because those claims appear to be a suit against the entity.  Plaintiff's Fifth Amendment due process claim should be dismissed, with prejudice.

### F.  TORT CLAIM AGAINST ARGONAUT INSURANCE

As discussed in the procedural history, Plaintiff brings Count 5 against only Defendant Argonaut Insurance Company.  It is, therefore, not relevant to this motion.

### G.  VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHT TO A PUBLIC HEARING

In Count 6, Plaintiff alleges that Pierce County, Kim Shannon, and other individual employees of Pierce County violated his First and Fourteenth Amendment rights by denying him a public hearing.  Dkt. 31 at 8.  Count 6 appears to relate to an administrative hearing with the BOE, in which he "arrived early to his scheduled BOE hearing and was denied entry to the meeting room by Kim Shannon. . . ."  Dkt. 31 at 13.  He continues, "[t]his conspiracy could not exist or continue without the tacit or direct approval of Pierce County's leading civil attorney, DPA Daniel Hamilton, and Prosecutor Mary Robnett."  *Id.*  It is unclear whether Plaintiff's claim

1   relates to being denied access to his own hearing or to someone else's hearing.  Regardless,

2   Count 6 fails to state a claim for which relief can be granted.

3        Count 6 fails against Pierce County because Plaintiff does not identify a policy, practice,

4   or custom at issue.  Lingering ambiguity about what exactly Plaintiff claims happened and

5   whether it occurred pursuant to an official policy indicates that amendment is not clearly futile

6   against Pierce Count and Kim Shannon, who Plaintiff directly links to the hearing.

7        However, Plaintiff neither provides factual support for his claim that there is a

8   conspiracy, nor does he directly link any other Defendant to the hearing at issue.  His conclusory

9   statement that a conspiracy is at play is insufficient to survive a motion to dismiss and his failure

10  to provide supporting facts in two complaints containing over 100 pages of exhibits demonstrates

11  that amendment would be futile.

12       Therefore, Defendants motion to dismiss Count 6 should be granted.  Count 6 should be

13  dismissed without prejudice against Defendants Pierce County and Kim Shannon but with

14  prejudice against all other defendants.

15  **H.  COLORADO RIVER ANALYSIS**

16       Defendant Pierce County's motion to stay or dismiss the pending matter under the

17  *Colorado River* doctrine should be denied, without prejudice.

18       The *Colorado River* doctrine provides the framework for the limited circumstances in

19  which a federal court may decline to exercise jurisdiction because of a parallel state proceeding.

20  *Colo. River*, 424 U.S. 800.  The doctrine provides that federal courts may only abdicate the

21  "virtually unflagging responsibility . . . to exercise the jurisdiction given to them" under certain

22  "exceptional circumstances."   *Id*. at 817 (internal quotation omitted).

23

24

1      Courts in the Ninth Circuit use eight factors to evaluate the appropriateness of a stay or

2  dismissal under *Colorado River*:

3      (1) which court first assumed jurisdiction over any property at stake; (2) the
       inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4)
4      the order in which the forums obtained jurisdiction; (5) whether federal law or state
       law provides the rule of decision on the merits; (6) whether the state court
5      proceedings can adequately protect the rights of the federal litigants; (7) the desire
       to avoid forum shopping; and (8) whether the state court proceedings will resolve
6      all issues before the federal court.

7      *Id.* at 841–42 (quoting *R.R. St. & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79

8  (9th Cir. 2011).

9      While the State Matter is very similar to the pending matter in this Court, exceptional

10 circumstances do not justify issuing a stay or dismissal at this time.

11     Neither the first factor, which concerns *in rem* property matters, nor the second factor,

12 inconvenience of the federal forums, is relevant to this matter.

13     The third factor, the desire to avoid piecemeal litigation, weighs in favor of abstention.

14 While the claims are nearly identical, s*ee* Dkt. 31; *compare* Dkt. 11, even the foresight that a

15 judgment in one court "would most likely have conclusive effect on the other court" is alone

16 insufficient to decline to exercise jurisdiction.  *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364

17 (9th Cir. 1990).  The risk of duplicative litigation is simply part of "the unavoidable price of

18 preserving access to federal relief."  *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835,

19 842 (9th Cir. 2017).

20     The fourth factor, the order in which the forums obtained jurisdiction, is neutral because

21 Plaintiff appears to have filed both complaints on the same day.  *See* Dkts. 11 and 31.  The fifth

22 factor, which jurisdiction provides the rule of decision, tilts in favor of exercising jurisdiction

23 because Plaintiff makes federal constitutional claims.  The sixth factor, whether the state forum

24

can adequately protect the rights of the federal litigants, tilts in favor of a stay because the state court is capable of protecting Plaintiff's rights.  It is unclear how the seventh factor, the desire to avoid forum shopping, weighs here.  It is certainly odd that Plaintiff filed two nearly identical claims, one in federal and one in state court, but his reasons for doing so are unclear at this time. Finally, the eighth factor, whether the state court proceedings will resolve all issues before the court, weighs in favor of abstention much like the third factor.

Taken as a whole, however, the factors do not weigh strongly enough in favor of a stay or dismissal to amount to the exceptional circumstances required to overcome the heavy presumption that a federal court exercise jurisdiction in the matter before it.  Defendant Pierce County's motion to dismiss based on the *Colorado River* doctrine should be denied, without prejudice.

### III.    CONCLUSION

Although Defendant Pierce County's motion to dismiss is granted, Plaintiff may file an amended complaint in compliance with Western District of Washington Local Civil Rule ("LCR") 15.  Plaintiff's proposed amended complaint may not include claims dismissed with prejudice.  The claims dismissed with prejudice are Count 3 and the Fifth Amendment due process claim in Count 4.  In addition, Defendants David Prather, Heather Orwig, Daniel Hamilton, and Mary Robnett are dismissed with prejudice.  The claims dismissed without prejudice are Count 1, the Fifth Amendment "takings" claim in Count 4, and Count 6.

### IV.    <u>ORDER</u>

Therefore, it is hereby **ORDERED** that:

- Defendant Pierce County's FRCP 12(b) Motion to Dismiss (Dkt. 12) **IS GRANTED**, in part with and in part without prejudice, as stated above;

ORDER GRANTING DEFENDANT PIERCE COUNTY'S MOTION TO DISMISS - 12

- Plaintiff's complaint **IS DISMISSED** as to Pierce County and Pierce County employees in their official capacity only;

- Should Plaintiff move to file a proposed amended complaint, it must comply with LCR 15 and the Federal Rules of Civil Procedure, including Rule 8(a).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of January, 2021.

ROBERT J. BRYAN
United States District Judge