1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

JOE PATRICK FLARITY, a marital
community,

                            Plaintiff,

      v.

ARGONAUT INSURANCE COMPANY,

                         Defendant.

CASE NO. 3:20-cv-06083-RJB

ORDER GRANTING
DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS
AND DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT

17

18

19

20

       THIS MATTER comes before the Court on Defendant Argonaut Insurance Company's

("AIC") Motion for Judgment on the Pleadings (Dkt. 72) and Plaintiff's Motion for Leave to File

Amended Complaint (Dkt. 78). The Court has considered the pleadings filed regarding the

motions and the remaining file. Oral argument is unnecessary to fairly decide these motions.

21

22

23

24

**I.      FACTS AND BACKGROUND**

       *Pro se* Plaintiff, Joe Flarity, currently has two cases pending before the Court and at least

one related matter in Washington State Court. *See* Dkt. 1; Case No. 3:20-cv-6247-RJB; King

- 1

Cnty. Superior Ct. No. 20-2-16139-0-SEA. His claims relate to the tax assessment of his property, which Pierce County assessed at a value that cased his taxes to increase. *See id.* This matter more specifically relates to the procedures used to assess his property. Dkt. 31. The valuation of his property caused his taxes to increase. *Id.*

Plaintiff alleges that Defendant Heather Orwig trespassed on his land to perform the property assessment and that there is an ongoing conspiracy among all Defendants to deprive him and others in Pierce County of their rights to privacy and equal protection. *See id.* Pierce County and Pierce County officials previously filed a motion to dismiss (Dkt. 12), which the Court granted (Dkt. 42). AIC, which is a private company, is the only defendant remaining in this matter. Plaintiff's claims against AIC are (1) Violation of Equal Protection and Due Process brought pursuant to § 1983, and (2) "Civil Rights Tort Claims" because of an alleged agreement with Pierce County to violate the civil rights Pierce County taxpayers. Dkt. 31.

In Plaintiff's proposed amended complaint, he realleges the equal protection and due process claims that were dismissed from his original complaint but frames them as being made against the officials in their personal capacities. Dkt. 78-2. He also seeks to add two defendants in their personal capacities, claims under the Racketeering Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a claim of conspiracy to commit fraud against AIC. *Id.* The essential allegations remain the same: that Pierce County and its officials violated the Constitution and laws while assessing Plaintiff's property, and that AIC, a private insurance company, conspired in these violations.

The Court will first consider AIC's Motion for Judgment on the Pleadings (Dkt. 72). AIC argues Plaintiff's claims should be dismissed because he brings them pursuant to 42 U.S.C.

- 2

§ 1983, but AIC, as a private entity, cannot be liable under § 1983.  Plaintiff does not oppose AIC's motion.

The Court will then consider Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 78).

## II.     DISCUSSION

### A.  MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion is "functionally identical" to a motion to dismiss brought pursuant to Rule 12(b)(6), with the difference being timing.  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Judgment under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

It is clear from the face of the pleadings that AIC is entitled to judgment as a matter of law.  Plaintiff's claims against AIC depend on liability under section 1983.  Only a state actor or a person "acting under color of state law," however, may be liable under section 1983.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A private company does not necessarily become a "state actor" by entering into a contract with the state.  *Life Ins. Co. of N. Amer. V. Reichardt*, 591 F.2d 499, 501–02 (9th Cir. 1979).  Instead, "a private entity may be considered a state actor 'only if its particular actions are inextricably intertwined with those of the government.'"  *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (quoting *Brunette v. Humane Soc. of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) (internal citation omitted).

1         Plaintiff does not allege sufficient facts to plausibly allege that AIC acted under the color

2 of state law.  He merely states that AIC contracted with Pierce County and it "knew or should

3 have known" of civil rights violations.  Dkt. 31 at 7.  Taken as true and in the light most

4 favorable to Plaintiff, this is insufficient to establish an inextricable link between the alleged

5 conduct of AIC and Pierce County.

6         Furthermore, Plaintiff did not respond to AIC's motion for judgment on the pleadings.

7 Pursuant to Local Civil Rule 7(b)(2), failure to respond "may be considered by the court as an

8 admission that the motion has merit."

9         Accordingly, AIC's Motion for Judgment on the Pleadings (Dkt. 72) should be granted.

10 **B.  MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

11         "Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once

12 as a matter of course within certain time limits, or, in all other instances, with the court's leave."

13 *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012) (quoting Fed. R. Civ. P. 15(a)).

14 "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts

15 often consider four factors to determine whether "justice so requires:" (1) undue delay; (2) bad

16 faith; (3) futility of amendment; and (4) prejudice to the opposing party.  *United States v. Pend*

17 *Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502 1511 (9th Cir. 1991).  "The rule favoring liberality

18 in amendments to pleadings is particularly important for the pro se litigant."  *Crowley v.*

19 *Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (leave should be granted "if it appears *at all*

20 *possible* that the plaintiff can correct the defect").

21         Plaintiff's proposed amended complaint remains fatally flawed.  The Court previously

22 dismissed Plaintiff's claims against Pierce County and Pierce County officials pursuant to

23 Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to state a claim for which relief

24

1 could be granted. Dkt. 42. Plaintiff's proposed amended complaint similarly fails to establish

2 that he is plausibly entitled to relief. Instead, he reiterates conclusory statements about his

3 entitlement to relief. For example, he realleges that various defendants deprived him of equal

4 protection of the law, but he does not include any facts to demonstrate how he was treated

5 differently than other similarly situated people. *See* Dkt. 78; *Gerhart v. Lake Cnty., Mont.*, 627

6 F.3d 1013, 1022 (9th Cir. 2011) (a "class of one" plaintiff must allege that the defendants (1)

7 intentionally (2) treated plaintiff differently than other similarly situated people (3) without

8 rational basis).

9 Plaintiff also reiterates conclusory claims about a conspiracy. *See e.g.*, Dkt. 78-2 at 6, 12,

10 and 13. Conclusory allegations of a "conspiracy," however, are insufficient to state a claim.

11 *Shucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988).

12 Plaintiff has had ample opportunity to allege, in "a short and plain statement," that he is

13 plausibly entitled to relief, as required by Federal Rule of Civil Procedure 8(a). Allowing

14 amendment would cause undue delay and prejudice Defendants by requiring them to continue to

15 defend against claims that ultimately lack merit.

16 Therefore, Plaintiff's motion for leave to amend the complaint (Dkt. 78), should be

17 denied.

18 **III.   ORDER**

19 - Defendant AIC's Motion for Judgment on the Pleadings (Dkt. 72) **IS**

20 **GRANTED**;

21 - Plaintiff's Motion for Leave to File Amended Complain (Dkt. 78) **IS**

22 **DENIED**;

23 - This matter **IS CLOSED**.

24

- 5

1    **IT IS SO ORDERED**.

2    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3  to any party appearing *pro se* at said party's last known address.

4    Dated this 11th day of May, 2021.

5

6    _____

7    ROBERT J. BRYAN
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24